VICTOR A. RIZZI, Respondent, v. PHILIP B. CRAIGHEAD and ALICE CRAIGHEAD, Appellants, and Others, Defendants.— Judgment reversed upon the law and the facts and new trial granted, costs to appellants to abide the event.   The guaranty of May fifth to Dinkel & Jewell Company was not an equitable assignment of moneys to grow due to Hoyt, the contractor.   It was a guaranty of payment, and if Hoyt did not pay Dinkel & Jewell Company, then defendant Philip B. Craighead became immediately liable.   The proof clearly shows that Dinkel & Jewell Company furnished lumber, in payment for which Hoyt defaulted, prior to the filing of a lien by plaintiff.   When Hoyt defaulted, defendant Philip B. Craighead became unqualifiedly obligated to pay the amount of the bill of Dinkel & Jewell Company.   This obligation is in effect a payment which takes precedence over a lien filed subsequently to the accrual thereof.   A new trial is, however, necessary because there is proof in the case that defendant Philip B. Craighead represented to plaintiff that he had on hand upwards of $3,000 with which to pay the contractors, and that, upon such representation the plaintiff proceeded to

complete the job. Such facts, if proved, might entitle plaintiff to a personal judgment against defendant Philip B. Craighead. Young, Rich, Kapper and Lazansky, JJ., concur; Hagarty, J., dissents and votes to affirm.